# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

MICHAEL FENCEL _____ )
_____ )
_____ )  Case Number: **19-316-SMY**
_____ )         *(Clerk's Office will provide)*
Plaintiff(s)/Petitioner(s) )
v. )
) ☒ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983 (State Prisoner)
JOHN R. BALDWIN, WARDEN, J. LASHBROOK, )  ☐ CIVIL RIGHTS COMPLAINT
LT. SPILLER, A. ROGERSON, A. CROSS, )  pursuant to 28 U.S.C. §1331 (Federal Prisoner)
MS. HILL, KENT E. BROOKMIER, JOSHUA )  ☐ CIVIL COMPLAINT
KRUGER, AND JOHN DOE 1 THROUGH 4. )  pursuant to the Federal Tort Claims Act, 28 U.S.C.
Defendant(s)/Respondent(s) )  §§1346, 2671-2680, or other law

## I.  JURISDICTION

**Plaintiff:**

A.  Plaintiff's mailing address, register number, and present place of confinement.

> MICHAEL FENCEL # B-86752
> STATEVILLE CORRECTIONAL CENTER
> P. O. BOX 112
> JOLIET, IL 60434

**Defendant #1:**

B.  Defendant ___John R. Baldwin___ is employed as
               (a)    (Name of First Defendant)

___Acting Director___
        (b)        (Position/Title)

with ___Illinois Department of Correction___
          (c)        (Employer's Name and Address)

___1301 Concordia Court, P.O. Box 19277, Springfield, IL. 62794-9277___

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If your answer is YES, briefly explain:

DEFENDANT BALDWIN WAS THE ACTING DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS AND IN THAT CAPACITY THE OVERSEER OF (I.D.O.C.) AND WAS THE RECIPIENT OF SEVERAL GRIEVANCES MADE BY PLAINTIFF REGARDING THE INCIDENTS CLAIMED IN THIS COMPLAINT. PLAINTIFF SUES BALDWIN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

Rev. 7/20/18

1

**Defendant #2:**

C.   Defendant ___JACQUELINE LASHBROOK___ is employed as

(Name of ▉▉ Defendant)

___WARDEN___
(Position/Title)

with ___MENARD CORRECTIONAL CENTER / IDOC___
(Employer's Name and Address)

___P. O. BOX 1000, MENARD, IL. 62259___

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

DEFENDANT LASHBROOK DURING THE TIME PERIODS INDICATED IN THIS COMPLAINT WAS THE WARDEN OF MENARD CORRECTIONAL CENTER, AND IN THAT CAPACITY THE DAY TO DAY OVERSEER OF THE FACILITY AND WAS THE RECIPIENT OF SEVERAL GRIEVANCES AND A LETTER SENT TO HER BY THE PLAINTIFF INFORMING HER THAT HE HAD BEEN RAPED, AS SUCH DEFENDANT LASHBROOK KNEW OR SHOULD HAVE KNOWN THAT THESE INCIDENTS OCCURRED. PLAINTIFF SUES LASHBROOK IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

**Defendant #3:**

D.   Defendant ___SPILLER___ is employed as
(a)   (Name of ▉▉ Defendant)

___LIEUTENANT___
(b)                    (Position/Title)

with ___MENARD CORRECTIONAL CENTER / IDOC___
(c)      (Employer's Name and Address)

___P. O. BOX 1000, MENARD, IL 62259___

At the time the claim(s) alleged this complaint arose, was Defendant #3 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:

**Defendant # 4:**

E. Defendant _____A. MASTERSON_____ is employed as

(Name of ~~█████~~ Defendant)

_____INTERNAL AFFAIRS OFFICER_____
(Position/Title)

with _____MENARD CORRECTIONAL CENTER_____
(Employer's Name and Address)

_____P. O. BOX 1000, MENARD, IL  62259_____

At the time the claim(s) alleged in this complaint arose, was Defendant # 4 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

DEFENDANT MASTERSON DURING THE TIME PERIODS INDICATED IN THIS COMPLAINT WAS AN OFFICER WITH INTERNAL AFFAIRS AND INTERVIEWED PLAINTIFF ON NUMEROUS OCCASION BUT TOOK NO STEPS TO INVESTIGATE, INSTEAD SHE ACCUSED PLAINTIFF OF LYING AND TOOK STEPS TO COVER-UP THE INCIDENTS CLAIMED IN THIS COMPLAINT PLAINTIFF SUE MASTERSON IN HER IN INDIVIDUAL AND OFFICIAL CAPACITY.

**Defendant # 5:**

F. Defendant _____CROSS_____ is employed as
(a)   (Name of ~~████~~ Defendant)

_____CORRECTIONAL OFFICER_____
(b)   (Position/Title)

with _____MENARD CORRECTIONAL CENTER / I.DOC_____
(c)   (Employer's Name and Address)

_____P. O. BOX 1000, MENARD, IL. 62259_____

At the time the claim(s) alleged this complaint arose, was Defendant # 5 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:

DEFENDANT CROSS DURING THE TIME PERIODS INDICATED IN THIS COMPLAINT WAS AN CORRECTIONAL OFFICER WHO WAS THE FIRST RECIPIENT OF A LETTER GIVEN TO HIM BY PLAINTIFF INFORMING HIM THAT PLAINTIFF WAS BEING SEXUALLY HARASSED, AND HE TOOK NO STEPS TO INVESTIGATE. THUS, DEFENDANT IS RESPONSIBLE FOR THE CLAIMED ACTS IN THIS COMPLAINT. PLAINTIFF SUE CROSS IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

**Defendant #6:**

G1.    Defendant _____ MS. HILL _____ is employed as

(Name of ▓▓▓ Defendant)

_____ MENTAL HEALTH COUNSELOR _____
(Position/Title)

with _ MENARD CORRECTIONAL CENTER | IDOC. __
(Employer's Name and Address)

_ P. O. BOX 1000  MENARD, IL 62259 _____

At the time the claim(s) alleged in this complaint arose, was Defendant #6
employed by the state, local, or federal government?    ☑ Yes    ☐ No

If you answer is YES, briefly explain:

DEFENDANT MS. HILL DURING THE TIME PERIOD INDICATED IN THIS COMPLAINT WAS A
MENTAL HEALTH COUNSELOR AT MENARD CORRECTIONAL CENTER WHO PLAINTIFF
SPOKE TO ABOUT HIM BEING RAPED BUT SHE TOOK NO STEPS TO INVESTIGATE INSTEAD SHE
HELPED IN THE COVER UP BY CLASSIFYING PLAINTIFF AS MENTALLY ILL AND RECOMMENDING
HE RECEIVED 6 MONTHS SEGREGATION. PLAINTIFF SUES MS. HILL IN HER INDIVIDUAL AND
OFFICIAL CAPACITY.

**Defendant #7:**

H.    Defendant __ KENT E. BROOKMEN _____ is employed as
(a)     (Name of ▓▓ Defendant)

_ CHAR PERSON OF THE ADJUSTMENT COMMITTEE _
(b)             (Position/Title)

with _ MENARD CORRECTIONAL CENTER | IDOC. _
(c)         (Employer's Name and Address)

_ P. O. BOX 1000  MENARD, IL 62259 _____

At the time the claim(s) alleged this complaint arose, was Defendant #7
employed by the state, local, or federal government?    ☑ Yes    ☐ No

If your answer is YES, briefly explain:

**Defendant #8:**

I.   Defendant ___JOSHUA KRUGER #K50716___ is employed as

(Name of [redacted] Defendant)

___WAS A INMATE AT MENARD CORRECTIONAL CENTER.___
(Position/Title)

with ___None___
(Employer's Name and Address)

___P. O. BOX 1000, MENARD, IL. 62259___

At the time the claim(s) alleged in this complaint arose, was Defendant #8
employed by the state, local, or federal government?   ☐ Yes   ☑ No

If you answer is YES, briefly explain:

DEFENDANT JOSHUA KRUGER DURING THE TIME PERIOD INDICATED IN THIS COMPLAINT
WAS AN INMATE AT MENARD CORRECTIONAL CENTER WHO BEAT AND RAPED PLAINTIFF
3 TIMES. DEFENDANT IS THUS, RESPONSIBLE FOR THE CLAIMED ACTS IN THIS
COMPLAINT, PLAINTIFF SUES KRUGER #K50214 IN HIS INDIVIDUAL CAPACITY.


**Defendant #9:**

J.   Defendant ___LIEUTENANT JOHN DOE #1 (NAME UNKNOWN)___ is employed as

(Name of [redacted] Defendant)

___LIEUTENANT___
(Position/Title)

with ___MENARD CORRECTIONAL CENTER / IDOC___
(Employer's Name and Address)

___P. O. BOX 1000, MENARD, IL. 62259___

At the time the claim(s) alleged in this complaint arose, was Defendant #9
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

DEFENDANT LIEUTENANT JOHN DOE #1 (NAME UNKNOWN) DURING THE TIME PERIOD
INDICATED IN THIS COMPLAINT WAS A LIEUTENANT AT MENARD CORRECTIONAL
CENTER AND WAS THE ONE WHO TOOK PLAINTIFF TO THE HEALTH CARE UNIT BUT TOOK
NO STEPS TO INVESTIGATE THE ACTS IN THIS COMPLAINT. PLAINTIFF SUES LIEUTENANT
JOHN DOE #1 (NAME UNKNOWN) IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

**Defendant #10:**

K.   Defendant LIEUTENANT JOHN DOE #1 (Name unknown) is employed as

(Name of Defendant)

LIEUTENANT IN NORTH UPPER CELL HOUSE
(Position/Title)

with MENARD CORRECTIONAL CENTER / I.D.O.C.
(Employer's Name and Address)

P O BOX 1000, MENARD, IL 62259

At the time the claim(s) alleged in this complaint arose, was Defendant #10 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:


**Defendant #11:**

L.   Defendant CORRECTIONAL OFFICER JOHN DOE #2 (Name unknown) is employed as
(a)   (Name of Defendant)

CORRECTIONAL OFFICER IN NORTH UPPER CELL HOUSE
(b)   (Position/Title)

with MENARD CORRECTIONAL CENTER / I.D.O.C.
(c)   (Employer's Name and Address)

P O BOX 1000, MENARD, IL 62259

At the time the claim(s) alleged this complaint arose, was Defendant #11 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:

DEFENDANT JOHN DOE #2 (NAME UNKNOWN) DURING THE TIME PERIOD INDICATED IN THIS COMPLAINT WAS A CORRECTIONAL OFFICER AT MENARD CORRECTIONAL CENTER AND WAS ONE OF THE OFFICERS WHO TOOK PLAINTIFF TO THE HEALTH CARE UNIT BUT TOOK NO STEPS TO INVESTIGATE THE ACTS IN THIS COMPLAINT. PLAINTIFF SUES JOHN DOE #2 IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

**Defendant #12:**

m.   Defendant C/O OF I/A JOHN DOE #3 (NAME UNKNOWN) is employed as

(Name of . . . Defendant)

CORRECTIONAL OFFICER OF INTERNAL AFFAIRS
(Position/Title)

with MENARD CORRECTIONAL CENTER / IDOC
(Employer's Name and Address)

P.O. BOX 1000, MENARD, IL 62259

At the time the claim(s) alleged in this complaint arose, was Defendant #12 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

DEFENDANT JOHN DOE #3 (NAME UNKNOWN) DURING THE TIME PERIOD INDICATED IN THIS COMPLAINT WAS A CORRECTIONAL OFFICER WITH I/A WHO INTERVIEWED PLAINTIFF AT THE HEALTH CARE UNIT AND HE IMMEDIATELY TOLD PLAINTIFF THAT HE WAS LYING BEFORE HE TOOK ANY STEPS TO INVESTIGATE THE CLAIMS IN THIS COMPLAINT PLAINTIFF SUES JOHN DOE #3 IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

**Defendant #13:**

N.   Defendant C/O OF I/A JOHN DOE #4 (NAME UNKNOWN) is employed as
                    (a)        (Name of . . . Defendant)

CORRECTIONAL OFFICER OF INTERNAL AFFAIRS
          (b)                    (Position/Title)

with MENARD CORRECTIONAL CENTER / IDOC.
          (c)        (Employer's Name and Address)

P.O. BOX 1000, MENARD, IL. 62259

At the time the claim(s) alleged this complaint arose, was Defendant #13 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:

DEFENDANT JOHN DOE #4 (NAME UNKNOWN) DURING THE TIME PERIOD INDICATED IN THIS COMPLAINT WAS A CORRECTIONAL OFFICER WITH I/A WHO INTERVIEWED PLAINTIFF AT THE HEALTH CARE UNIT AND HE IMMEDIATELY TOLD PLAINTIFF THAT HE WAS LYING BEFORE HE TOOK ANY STEPS TO INVESTIGATE THE CLAIMS IN THIS COMPLAINT. PLAINTIFF SUES JOHN DOE #4 IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

## II.   PREVIOUS LAWSUITS

A.     Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☑Yes ☐No

B.     If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  You must list ALL lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.     Parties to previous lawsuits:
Plaintiff(s): MICHAEL F. FENCEL #386152

Defendant(s): MENARD CORRECTIONAL CENTER / IDOC

2.     Court (if federal court, name of the district; if state court, name of the county): RANDOLF COUNTY.

3.     Docket number: No-18-CC-0381

4.     Name of Judge to whom case was assigned: #25 (JmB)

5.     Type of case (for example: Was it a habeas corpus or civil rights action?): SMALL CLAIMS COURT

6.     Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): CASE DISMISSED, NO APPEAL

7.     Approximate date of filing lawsuit: August 14, 2017

8.    Approximate date of disposition:

*July 24, 2018*

9.    Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

III.    **GRIEVANCE PROCEDURE**

A.    Is there a prisoner grievance procedure in the institution?  ☑ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                    ☑ Yes    ☐ No

C.    If your answer is YES,
   1.    What steps did you take?

*I submitted a grievance to my counselor, after her response I sent it to the grievance officer, then to the administrative review board.*

   2.    What was the result?

*Denied*

D.    If your answer is NO, explain why not.

E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                         ☐ Yes    ☐ No

F.    If your answer is YES,
   1.    What steps did you take?

   2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

IV.   **Statement of Claim:**

PLAINTIFF, MICHAEL FENCEL, COMPLAINS AGAINST DEFENDANTS JOHN A. BALDWIN, WARDEN J. LASHBROOK, L.T. SPILLER, A. MASTERSON, C/O CROSS, MS. HILL, KENT E. BROOKMEN, JOSHUA W. KRUGER #K50216 AND JOHN DOES ONE THROUGH FOUR, AND STATES AS FOLLOWS:

1. THIS IS A CIVIL ACTION BROUGHT PURSUANT TO THE EIGHT AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION TO SEEK MONETARY, COMPENSATORY AND PUNITIVE RELIEF UNDER 42 U.S.C. § 1983, AND TO ADDRESS DEPRIVATIONS OF PLAINTIFF'S CIVIL RIGHTS WHICH WERE PRECIPITATED BY THE UNLAWFUL CRUEL AND UNUSUAL PUNITIVE ACTS OF THE DEFENDANTS ALL WHILE PURPORTING TO ACT UNDER THE COLOR OF LAW.

2. PLAINTIFF, MICHAEL FENCEL, WAS AN INMATE AT THE MENARD CORRECTIONAL CENTER IN ILLINOIS, ON AUGUST 4, 2017 PLAINTIFF WAS MOVED TO THE NORTH UPPERS, CELLHOUSE AND PLACED IN CELL-547 WHERE HE MET HIS NEW CELLMATE DEFENDANT, JOSHUA W. KRUGER #K50216, AFTER PLAINTIFF SETTLED IN, DEFENDANT KRUGER TOLD HIM THAT HE WAS ON PROBATION WHILE LIVING IN THE CELL WITH HIM A MEANING, IF PLAINTIFF FENCEL DID NOT ACT A CERTAIN WAY WHILE CELLIED WITH DEFENDANT KRUGER HE WOULD PUNISH PLAINTIFF FENCEL, WHO FELT UNEASY AT THIS POINT.

3. SEVERAL WEEKS WENT BY AND DEFENDANT KRUGER ASKED PLAINTIFF FENCEL TO SHOP AT THE COMMISSARY FOR HIM AND THAT HE WOULD GIVE PLAINTIFF $20.00 FOR SHOPPING FOR HIM. (INMATES ARE LIMITED TO SPENDING $100.00 PER SHOP TWICE A MONTH) DEFENDANT WANTED TO DOUBLE SHOP SO PLAINTIFF AGREED BECAUSE HE DID NOT HAVE ANY MONEY IN HIS ACCOUNT AT THE TIME. THE DEFENDANTS BROTHER SENT PLAINTIFF $100.00 AND ON OCTOBER 5, 2017 PLAINTIFF WENT TO THE COMMISSARY TO SHOP FOR DEFENDANT KRUGER, APPROXIMATELY TWO WEEKS LATER DEFENDANTS MOTHER SENT PLAINTIFF $100.00 AND AGAIN HE WENT SHOPPING FOR THE DEFENDANT ON OCTOBER 17, 2017. THAT NIGHT THE DEFENDANT TOLD PLAINTIFF "YOU KNOW YOU OWE ME" PLAINTIFF FENCEL ASKED HIM WHAT DID HE OWE HIM AND DEFENDANT KRUGER'S RESPONSE WAS "I'LL LET YOU KNOW.

4. DURING THE TIME PERIOD BETWEEN OCTOBER 17, 2017 TO NOVEMBER 4, 2017, DEFENDANT JOSHUA W. KRUGER #K50216 WAS ASKING PLAINTIFF, MICHAEL FENCEL PERSONAL AND SEXUAL QUESTIONS SO PLAINTIFF WAS AFRAID. THE EVENING OF NOVEMBER 4, 2017, DURING CHOW PLAINTIFF GAVE DEFENDANT, C/O CROSS A LETTER INFORMING HIM THAT DEFENDANT, KRUGER HAD BEEN ASKING HIM PERSONAL AND SEXUAL QUESTIONS AND THAT HE WAS AFRAID FOR HIS SAFETY AND PLAINTIFF PLEADED FOR A CELL CHANGE WHICH DEFENDANT, C/O CROSS IGNORED. SOMEHOW DEFENDANT KRUGER FOUND OUT THAT PLAINTIFF FENCEL GAVE DEFENDANT C/O CROSS THE LETTER AND THAT NIGHT DEFENDANT KRUGER BEAT PLAINTIFF, FENCEL, BY HITTING HIM REPEATEDLY IN CHEST AND RIBS THEN HE TOLD PLAINTIFF THAT HE WAS NOT MOVING OUT OF THE CELL. ALSO THAT NIGHT PLAINTIFF RECEIVED ANOTHER $100.00 FROM DEFENDANTS KRUGER'S MOTHER TO SHOP FOR THE DEFENDANT.

5. APPROXIMATELY ONE WEEK WENT BY AND DURING THAT TIME PERIOD AGAIN DEFENDANT JOSHUA KRUGER WAS ASKING PLAINTIFF MICHAEL FENCEL PERSONAL AND SEXUAL QUESTIONS PLAINTIFF WAS AFRAID TO MENTION THIS TO THE C/O'S THIS TIME BECAUSE HIS CELLY, DEFENDANT JOSHUA KRUGER HAD FOUND OUT THE LAST TIME PLAINTIFF TRIED TO INFORMED DEFENDANT, C/O CROSS THAT HE WAS BEING SEXUAL HARASS, THEN ON OR ABOUT NOVEMBER 12, 2017, AT AROUND 10:30 PM DEFENDANT JOSHUA W. KRUGER #K50216 RAPED PLAINTIFF, MICHAEL FENCEL BY COMPELLING HIM TO PERFORM ORAL AND ANAL SEX.

6. After the rape, defendant Joshua Krueger told plaintiff Michael Fencel he had three options: 1. to keep his mouth shut and just take it; 2. that if he tell anyone he would beat the shit out of plaintiff; and if he tell anyone he would kill him. Therefore, fearing for his life, plaintiff Michael Fencel chose option 1, then on November 19, 2017 defendant Joshua W. Krueger raped plaintiff Michael Fencel again by compelling him to perform oral and anal sex, and on November 24, 2017 defendant once again raped plaintiff by compelling him to perform anal sex.

7. Within two weeks, plaintiff Michael Fencel was beaten and raped three times by defendant Joshua Krueger, and he could not take anymore painful attacks so on November 27, 2017 plaintiff reported the three incidents to defendant warden, Lashbrook by writing her a letter informing her that his cellmate, defendant Joshua Krueger #K50214 had sexual assaulted him 3 times by compelling plaintiff to perform oral and anal sex with him. Defendant, warden, Lashbrook apparently received plaintiff's letter because on November 28, 2017 defendants lieutenant John Doe #1 and CIO John Doe #2 (names unknown) came to plaintiff Fencel and defendant Krueger's cell. Plaintiff was escorted to the health care unit where two CIO from Internal Affair, John Does #3 and #4 (names unknown) was waiting to interview him.

8. When plaintiff tried to explain to the two CIO's from I/A what he had been going through while he was in the cell with defendant Krueger, one of the CIO's from I/A John Doe #3 (name unknown) cut in stating, Come on Fencel, we know you are lying so what do you want a cell change? Defendant CIO from I/A John Doe #3, further stated that we know defendant Joshua Krueger #K50214, has not been in any trouble since he's been at Menard Correctional Center, so if you just want a cell change we can help you with that. Then defendant John Doe #4, CIO from I/A (name unknown) stated, so your celly grabbed you, pushed you to the back of the cell and did what? Again, plaintiff tried to explain to them that defendant Joshua Krueger had force his shorts and underwear down. Before plaintiff could finish his statement John Doe #4, CIO from I/A (name unknown) stated, so your celly just raw dogged you or was there lubricant. Plaintiff told him that his celly, defendant Joshua Krueger #K50214 pushed him to the back of the cell, forced his shorts and underwear down, put on a glove then put lotion or vaseline on it the raped him.

9. The two CIO's from I/A John Does #3 and #4 (names unknown) kept repeating "Come on Fencel we know you are lying just tell us what you want, if it's a cell change we can help you with that. Defendant, John Doe #3 stepped out of the room then defendant, John Doe #4 became argumentative with plaintiff Michael Fencel telling him that he was lying. At that point plaintiff told him lets get on with the (rape) test then defendant John Doe #4 stated, are you sure you want to go through that kind of embarrassment. Plaintiff stated, lets get it over with. Present during the examination were Dr. Siddiqui, two nurses and the two defendants, from Internal Affairs CIO's John Does #3 and #4 (names unknown) who mocked and treated plaintiff with contempt during the examination and the entire interview instead of investigating defendant Joshua Krueger #K50214 for raping plaintiff.

10. After the examination was complete, plaintiff was kept overnight for observation in the health care unit where he was given a room. Several hours later defendant CIO from I/A John Doe #4 and the nurse came into the room to inform plaintiff that when he got up from the examination table they noticed blood where he was sitting so the

NURSE GAVE PLAINTIFF SOME PADS TO CHECK TO SEE IF HE WAS STILL BLEEDING AFTERWARDS THEY LEFT. LATER THAT DAY PLAINTIFF WAS INTERVIEWED BY DEFENDANT CIO A. MASTERSON WHO TOLD PLAINTIFF MICHAEL FENCEL IF HE WAS LYING SHE WOULD MAKE SURE HE SPEND NO LESS THEN ONE YEAR IN SEGREGATION. PLAINTIFF TOLD HER THAT HE WAS NOT LYING AND THAT DEFENDANT JOSHUA KRUGER IN FACT, DID RAPE HIM BY PUSHING PLAINTIFF TO THE BACK OF THIER CELL, FORCED HIS SHORTS AND UNDERWEAR DOWN THEN WHILE HOLDING PLAINTIFF DOWN PUT ON A GLOVE THEN RAPED HIM. PLAINTIFF ALSO TOLD DEFENDANT A. MASTERSON THAT DEFENDANTS CIO JOHN DOE #3 AND #4 FROM INTERNAL AFFAIRS (NAMES UNKNOWN) HAD MOCKED HIM AND TREATED HIM WITH CONTEMPT AND IT WAS THEM WHO STARTED IMPLYING THAT PLAINTIFF WAS LYING. DEFENDANT A. MASTERSON REPLIED BY SAYING SHE DID NOT LIKE THEM OR THE WAY THEY CONDUCTED INTERVIEWS AND THAT DEFENDANT JOSHUA KRUGER #K50216 PLAINTIFF'S EX-CELLMATE WAS GOING TO TAKE A LIE DITECTOR TEST AND THEN SHE TOLD PLAINTIFF NOT TO NOTIFY OR TELL HIS MOTHER.

11. ON NOVEMBER 30, 2017 PLAINTIFF SPOKE WITH DEFENDANT HILL, A MENTAL HEALTH COUNSELOR WHO TOLD PLAINTIFF THAT FOR THE NEXT 6 MONTHS HE WOULD BE PLACED IN A CELL BY HIMSELF THEN AFTER THAT MENTAL HEALTH WOULD PICK PLAINTIFFS CELLMATE THAT WAY HE WOULD BE SAFE. PLAINTIFF FENCEL THEN TOLD DEFENDANT HILL THAT DEFENDANT A. MASTERSON TOLD HIM NOT TO TELL HIS MOTHER AND WHAT DID SHE THINK ABOUT THAT, DEFENDANT HILL WAS THAT SHE AGREED WITH DEFENDANT A. MASTERSON. PLAINTIFF MICHAEL FENCEL WAS LATER PLACED IN NORTH-2 CELLHOUSE (SEGREGATION) BY HIMSELF, SEVERAL DAYS LATER HE WAS INTERVIEWED AGAIN BY DEFENDANT A. MASTERSON WHO INFORMED PLAINTIFF THAT SHE RECEIVED A LETTER FROM HIS EX-CELLMATE DEFENDANT JOSHUA KRUGER #K50216 STATING THAT HIM AND PLAINTIFF HAD CONSENTUAL SEX PLAINTIFF MICHAEL FENCEL RESPONDED BY SAY HE WAS LYING. DEFENDANT A. MASTERSON THEN ASKED PLAINTIFF DID HE KNOW ABOUT DEFENDANT KRUGER #K50216 BEING A SEXUAL PREDATOR AND SEXUAL ASSAULTING A PREVIOUS CELLMATE AT PONTIAC CORRECTIONAL CENTER. PLAINTIFF'S RESPONSE WAS "NO." AND HE ASKED, SO PRISON OFFICIALS KNEW DEFENDANT KRUGER HAD PREVIOUS SEXUAL ASSAULTED A CELLMATE BUT YOU ALL STILL PLACED ME IN THE CELL WITH HIM. DEFENDANT MASTERSON TOLD PLAINTIFF THAT "I COULD GET INTO TROUBLE FOR TELLING YOU THIS" BUT DEFENDANT KRUGER WAS MISCLASSIFIED HAS A (107) A SEXUAL MISCONDUCT INSTEAD OF A (108) WHICH IS A SEXUAL ASSAULT. SHE THEN TOLD PLAINTIFF THAT SHE COULD PUT HIM IN P.C. AND GET HIM A TRANSFER TO PONTIAC CORRECTIONAL CENTER.

12. ON OR ABOUT DECEMBER 7, 2017, PLAINTIFF FINALLY BROKE DOWN AND TOLD HIS MOTHER THAT HE HAD BEEN SEXUALLY ASSAULTED BY HIS EX-CELLMATE AND THEY DISCUSSED HIM SIGNING INTO PROTECTIVE CUSTODY (P.C.). ON DECEMBER 9, 2017, PLAINTIFF CALLED P.C.E.A. HOTLINE TO INFORM THEM THAT HE HAD BEEN RAPED. ON DECEMBER 21, 2017, PLAINTIFF WAS TAKEN TO P.C. INTAKE AND THE NEXT DAY DEFENDANT MASTERSON WROTE PLAINTIFF A TICKET STATING THAT THE PLAINTIFF MICHAEL FENCEL ADMITTED TO HAVING SEXUAL INTERCOURSE WITH ANOTHER OFFENDER WHO'S NAME AND NUMBER IS BEING WITHHELD FOR THE SAFETY AND SECURITY OF THE INSTITUTION. LATER THAT DAY PLAINTIFF WAS PLACED IN SEG..

13. DEFENDANTS JOHN DOE #3 AND #4 (NAMES UNKNOWN), MS. HILL AND CIO MASTERSON IN AN EFFORT TO ESCAPE LIABILITY FOR SHOWING "DELIBERATE INDIFFERENCE" TO PLAINTIFF IN FAILING TO PROTECT HIM FROM BEING BEATEN AND RAPED, THEY IMMEDIATELY STARTED COVERING UP THEIR "NEGLIGENCE" BY REPEATEDLY TELLING PLAINTIFF HE WAS LYING FROM HIS FIRST INTERVIEW WITH INTERNAL AFFAIRS AND IMMEDIATELY BELIEVING THE DEFENDANT JOSHUA KRUGER, A SEXUAL PREDATOR'S SIDE OF THE STORY VERSUS THE PLAINTIFF'S, WHO BEFORE HE WAS BEATEN AND RAPE GAVE DEFENDANT CIO CROSS A LETTER INFORMING HIM THAT HE WAS BEING SEXUALLY HARASSED BY DEFENDANT KRUGER. THEY GAVE THE DEFENDANT JOSHUA KRUGER

A LIE DETECTOR'S TEST BUT NOT THE PLAINTIFF MICHAEL FENCEL, DEFENDANT MASTERSON FURTHER TRIED TO COVER-UP THEIR NEGLIGENCE BY PROTECTING DEFENDANT KRUGER BY WITHHELDING HIS NAME AND NUMBER THROUGHOUT THE INVESTIGATION AND ON THE TICKET WHEN HE WAS THE ONE WHO BEAT AND RAPED THE PLAINTIFF.

14. ON JANUARY 2, 2018, THERE WAS A HEARING HELD ON PLAINTIFFS TICKET FOR SEXUAL MISCONDUCT AND IT WAS DECIDED THAT BASED ON THE INFORMATION PROVIDED, THE COMMITTEE ACCEPTS THE WRITTEN REPORT TO BE FACTUAL ACCOUNTS OF THE INCIDENT, AND MENTAL HEALTH (COUNSELOR, HILL) REVIEWED AND DISCUSSED THE PLAINTIFF'S CASE AND DESIGNATED PLAINTIFF MICHAEL FENCEL SERIOUSLY MENTALLY ILL AND RECOMMENDED PLAINTIFF RECEIVE 6 MONTHS OF SEGREGATION WHICH HE RECEIVED. ALSO, DURING PLAINTIFF'S HEARING THE ADJUSTMENT COMMITTEE ORDER DEFENDANT CIO MASTERSON TO REWRITE PLAINTIFF'S TICKET BECAUSE SHE HAD WITHHELD DEFENDANT KRUGER'S "KSO216" IDENTITY ALLEGEDLY FOR THE SAFETY AND SECURITY OF THE INSTITUTION. ON JANUARY 3, 2018, PLAINTIFF'S TICKET WAS REWRITTEN THIS WITH DEFENDANT JOSHUA KRUGER'S NAME AND NUMBER IN IT.

15. IT WAS DOCUMENTED, OR EXPRESSLY NOTED BY PRISON OFFICIALS IN THE PAST THAT DEFENDANT JOSHUA KRUGER "KSO216" HAD SEXUALLY ASSAULTED ANOTHER INMATE IN THEIR CELL AND THE DEFENDANTS KNEW, OR SHOULD HAVE KNOWN ABOUT DEFENDANT KRUGER HAD PREVIOUSLY SEXUALLY ASSAULTED ANOTHER CELLMATE. WITHIN A TIME PERIOD OF TWO WEEKS PLAINTIFF MICHAEL FENCEL WAS SEXUALLY HARASSED, BEATEN AND RAPED THREE TIMES BY DEFENDANT JOSHUA KRUGER IN THEIR CELL. PLAINTIFF REPORTED THE INCIDENTS TO PRISON OFFICIALS BEFORE AND AFTER IT HAPPEN BUT HIS CLAIMS WERE IGNORED AND IN AN EFFORT TO COVER-UP THE PLAINTIFF BEING BEATEN AND RAPED DEFENDANTS, JOHN R. BALDWIN, WARDEN LASHBROOK, LT. SPILLER, CIO MASTERSON, CIO CROSS, MENTAL HEALTH, COUNSER, MS HILL, JOSHUA KRUGER "KSO216", AND JOHN DOES" 1 THROUGH #4 (NAMES UNKNOWN) ACTED WITH "DELIBERATE INDIFFERENCE" TO PLAINTIFF MICHAEL FENCEL'S SAFETY BY FAILING TO PROTECT HIM IN VIOLATION OF THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.

V.    **REQUEST FOR RELIEF**

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

A. COMPENSATORY DAMAGES IN THE AMOUNT OF $50,000, PER EACH DEFENDANT;

B. PUNITIVE DAMAGES IN THE AMOUNT OF $1,000,000, COLLECTIVELY;

C. DAMAGES FOR PHYSICAL AND MENTAL SUFFERING IN THE AMOUNT OF $20,000 PER EACH DEFENDANT;

D. PLAINTIFF'S COSTS AND FEES IN PROSECUTING THIS ACTION.

VI.   **JURY DEMAND** (*check one box below*)

The plaintiff ☑ does  ☐ does not request a trial by jury.


**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed
on:    _____          _____
              (date)                              Signature of Plaintiff

      _____          _____
          Street Address                       Printed Name

      _____          _____
          City, State, Zip                  Prisoner Register Number


                    _____
                    Signature of Attorney (if any)

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender Disciplinary Report

**Menard Correctional C** Date: 12/22/2017
Facility

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name: FENCEL, MICHAEL F.     ID #: B86752

Observation Date: 12/22/2017   Approximate Time: 10:55   ☒ a.m. ☐ p.m.   Location: Internal Affairs Office

Offense(s): DR 504:   107 – Sexual Misconduct

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, following an interview, offender FENCEL, Michael F. B86752 admitted to having sexual intercourse with another offender (whose name and number are being withheld for the safety and security of the institution). Due to offender FENCEL's admission to having consensual intercourse, offender FENCEL B86752 is in violation of DR 504A; 107; Sexual Misconduct. FENCEL was identified by his state issued ID card and Institutional Graphics. EOR

Witness(es): _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0317c, is attached to describe additional facts, observations or witnesses.

| C/O A. Masterson | 7552 | | 12/22/2017 | 11:10 | ☒ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: _____

_____ _____ _____
Printed Name and Badge #    Shift Supervisor's Signature    Date
    (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: I Concur

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

Mehous J 644 _____ 12-22-17
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

_____ _____ 12/29
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

E. Evans _____ ID# _____
Serving Employee (Print Name)    Offender's Signature    Signature

12/22/17    9:03   ☐ a.m. ☐ p.m.
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____ _____
Offender's Signature    ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____ _____ _____
Date of Disciplinary Report    Print offender's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

_____ _____ _____ _____
Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to: _____

_____ _____ _____ _____
Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to: _____

Distribution: Master File
Offender
Facility (2)

Page 1 of 1
Printed on Recycled Paper

DOC 0317 (Rev. 2/2007)

**Offender Disciplinary Report**

**Menard Correctional Center**
Facility

Date: 01/03/2018

| Type of Report: | |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name:   Michael F. Fencel

ID #:   B86752

Observation Date:   11/28/2017   Approximate Time:   9:37   ☒ a.m. ☐ p.m.   Location:   Menard Health Care Unit

Offense(s): DR 504:   107: Sexual Misconduct

**Observation:** (NOTE: Each offense identified above must be substantiated.) This Offender Disciplinary Report is being issued as a rewrite as directed by the Menard Adjustment Committee at the conclusion of an investigation conducted by the Menard Investigations Unit. Through the course of the investigation, offender MICHAEL F. FENCEL B86752 was interviewed multiple times regarding his claim of PREA/Sexual Assault. On December 21, 2017, FENCEL was interviewed again for a Protective Custody Intake interview. During the interview, FENCEL self-admitted that he had consensual anal intercourse with offender JOSHUA W. KRUGER K50216 on November 26, 2017 at approximately 10:30pm to 11:00pm in North Upper Cell House Cell 5-47. FENCEL stated in the interview that after the encounter on the 26th, he felt wrong for his willingness to perform sexual acts with KRUGER and reported the sexual acts as PREA/Sexual Assault to the Warden via letter. KRUGER volunteered to a CVSA and was found truthful in his statements that he did not sexually assault FENCEL and that they planned to have sex that evening. The results of KRUGER's CVSA corroborate FENCEL's self-admission that the two had consensual anal intercourse. Based on these facts, FENCEL is guilty of violating Departmental Rule 504A; 107, Sexual Misconduct. Offender FENCEL was identified by state issued ID card and Institutional Graphics. EOR

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| C/O A. Masterson | 7552 | *Masterson* | 01/03/2018 | 7:45 | ☒ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: Nature of offense

Printed Name and Badge #   521

Shift Supervisor's Signature   1/3/18
(For Transition Centers, Chief Administrative Officer)

Date

Reviewing Officer's Decision: ☒ Confinement reviewed by Reviewing Officer   Comment: I concure

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Mr. Votoka 517   Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   1-3-18   Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

J. Baker   Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   1/8   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

J. Orrs   Serving Employee (Print Name)   Offender's Signature   B6084 Badge #   ID#   Signature

1-3-18   Date Served   350 Time Served   ☐ a.m. ☒ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Distribution:   Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

RECEIVED

JAN 05 2019

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 01/04/2018 | Offender: (Please Print) Michael Fencel | ID#: B-86752 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

91-1-18

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): 107: Sexual Misconduct

- [x] Disciplinary Report: 01 / 03 / 2018    Menard C.C. / C/O A. Masterson
      Date of Report                              Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved): How Do I Plea, If you would allow me to explane how I came up with these
numbers, 90% NOT Guilty, 10% Guilty!
1) I/A Knew about Joshua W. Kruger K-50216, Having a priviuse code 107 from another Joint,
Knowing that he was Missclassified for sexual Assault on another cell-mate!
2) Menard Knew about this and still gave him celly's, If you don't beleave me ask I/A
Officer Ms. A. Masterson, Because she's the one who told me about Joshua W. Kruger, K-50216
having a priviuse code 107 from another Joint and was Missclassified,
3) Therfor Menard put my safety & my life in Jeperdy by placeing me into his cell, Knowing
that he was a Predditor who prays on the weak & Therfor Menard is Negligant in there
duties to protect me from this Predditor!!!!                              over→

Relief Requested: For This Ticket to be Dismissed and to make sure everyone is classified
Right to Keep the other inmates safe from being Harmed or by Taken advantage of
in the future!

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Fencel | B-86752 | 01,04,2018 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | | |
|---|---|---|

Date Received: ___ / ___ / ___     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| _____ | _____ | _____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|

Date Received: ___ / ___ / ___     Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | ___ / ___ / ___ |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

4) 10% of the blame goes on me for having poor Judgement and not finding out what I was agreeing to in the first Place when I accepted the $30. to start a store, So I could releave the stress off of my family from trying to send me money when they are struggleing to sarvive out there then self's, I am Guilty for being a (DumbASS) and not asking what I am going to owe him in return. So I think this ticket should be Dismissed and I am asking for a Transfer to either "Pontiac or Dixon C.C." and be allowed to stay in P.C. status with a "One man cell status Permantly" So This can Never Happen ever again. Otherwise I will continue to Griev this ticket all the way to Springfield and Then IF I have to I will file a 1983 Lawsuit! Because I had NO CLUE that I was in the Cell with a Predditor who has been missclassified By The IDOC. The Choice is up to you...., Because Menard's Staff And I/A officer's Knew about Joshua Wikruger. K-50216 being missclassified and DiD Nothing about it to Keep the other inmates SaFE From being Harmed or takeil advantage of by This Speacific Inmate that is a Predditor......!

—END OF Grievance—

DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

**Date Received:** January 5, 2018     **Date of Review:** January 16, 2018     **Grievance #** (optional): 91-1-18

**Offender:** Fencel, Michael     **ID#:** B86752

**Nature of Grievance:** Disciplinary Report dated 12-22-17 issued by Internal Affairs Officer Masterson for 107-Sexual Misconduct (201800004/1-MEN)

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 1-4-17 and grieves a disciplinary report he notes as dated 1-3-2018 (no record of IDR for this date) issued by CO Masterson for 107-Sexual Misconduct. Offender states he is 90 % not guilty and 10 % guilty. Offender states IA knew about cellmate Kruger K50216 being a predator and assaulting a previous cellmate. Menard knew about Kruger and still gave him a cellmate. Offender states he is 10 % guilty for poor judgement and accepting $20 to start a store and not asking what he would have to do in return. Offender states this disciplinary report should be expunged and he wants a transfer to Pontiac or Dixon and allowed to stay in protective custody, or he will continue to file grievances and a lawsuit if he has to.

**Relief requested:** Dismiss disciplinary report, make sure everyone is classified correctly.

Records show offender was housed in protective custody intake status starting 7-27-17 and voluntarily quit/left pc on 8-4-17. Offender was then PC intake status again starting 12-11-17 until he was placed in temporary confinement on 12-22-17 and subsequently issued a disciplinary report for 107-Sexual misconduct by Menard Internal Affairs (offender admitted to consensual sexual intercourse with another inmate. Records show offender is disciplinary status due to this disciplinary report.

Offender should discuss his transfer options with his assigned Counselor. Transfers are an administrative decision. Offender is encouraged to discuss his request for transfer review with his assigned counselor. Offender is advised to immediately report any safety issues to staff, and request protective custody placement when his segregation sentence is complete.

Placement is an administrative decision. All offenders are screened and housed where determined appropriate for safety and security of the offender, staff, and facility. Single and double cell status is an administrative decision.

The disciplinary report was heard on 1/2/2018 and the offender found guilty of the infraction. The CAO concurred with Internal Affairs and the adjustment committee findings.

Grievance Office recommends this disciplinary stand as written and heard.

All offenders may submit grievances in accordance with DR504F. Litigation is beyond the scope of this office.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. Grievance Office finds the disciplinary report to be written and heard in accordance with DR504. Transfers are an administrative decision. Contact your assigned counselor for submission of transfer review when eligible. All offenders are screened and housed where deemed most appropriate for safety and security.

Kelly Pierce     Menard Correctional Center
Print Grievance Officer's Name     Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** February 8, 2018     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Chief Administrative Officer's Signature     2/8/18
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Michael Fencel     B-86752     2/13/2018
Offender's Signature     ID#     Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

RECEIVED
JAN 04

| Date: 1/3/2018 | Offender: (Please Print) Michael Fencel | ID#: B-86752 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |

**NATURE OF GRIEVANCE:**

76-1-18

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): 107. Sexual Misconduct

☒ Disciplinary Report: 01 / 03 / 2018   Menard Corr. Ctr.  /C/o A.Masterson Badge #7552
                        Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): NOW That I sit and think about the day that "Josh Krager" my celly at the time we were in the North uppers 547. Asked me to shop for him & he would give me #20 to start a store and one day I would have to repay the favor. Well I would never had thought that he would ask for any kind of sexual favor's and it DID NOT Dawn on me untill I received this ticket and thought really hard about the interview I had with C/o L.T.Spiller of the Menard Investigation Unit, After the first & second time of Giving oral and anal sex we were square. But the 3ᴿᴰ time just like C/o L.T.Spiller even said that he belives I was Raped & C/o L.T.Spiller even said That we did this to ourself's by putting limets on everything. I am SO SORRY for being an IDIOT and trying to support myself by shopping for other people, and trying to releave the stress on my family by them trying to send me money so I could get what I need. I wish I could go back and tell Josh that there is No Deal, But I can't, I can only move forword and I am not going to stop shopping for other inmates SO I →

**Relief Requested:** I am requesting to be placed in a "one man cell status" permanitly, talk to Mental Health Staff to see where my head is at and I am Requesting to be transferd to Either "Pontiac or Dixon C.C." also to be able to have my T.V. & Thing's Plus to stay in Protective Custody status,

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Fencel                     B-86752        01 / 03 / 2018
Offender's Signature                    ID#              Date

(Continue on reverse side if necessary)    RECEIVED

---

**Counselor's Response (if applicable)**     JAN 05 2018

Date Received: ___/___/___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        ___/___/___ Date of Response

---

**EMERGENCY REVIEW**     RECEIVED        E23

                         JAN 04 2018

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☒ Yes; expedite emergency grievance
                                                                                   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[signature]
Chief Administrative Officer's Signature            1 / 5 / 18
                                                      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

don't have to agree to do any thing else for anyone else, I will stay to myself just like I did when I first got to Menard, This is my first time in prison and been here long enough and heard of shit like this but Never paid any attion Cause it did not pertade to me. I will straighteng everything out with my family & They could care Less about some damn money, they just would perfur for me to be SAFE So Nothing like this could ever happen again, Cause I am an easy target for people that have been locked up longer then me, Plus if someone offer's to Give money to me I always don't think befor saying ok, But I am DONE shopping for people! This makes me look like a REALLY BIG FUCKING MORON a laser, a piece of SHIT, a white TRASH person who will agree to anything, A RETARDED white punk, Jackass's fag who is a fucking scume of the EARTH!!! I have a low self of a Drive/Motavation to just say NO! I have No clue why I let people treat me like shit or allow them to tell me what to do when ever they feel like it, I have always hurt myself after I let someone tell me what to do, Cause after I done what they asked me to do, I have time to think and get down on myself REALLY HARD, Plus the only thing that is STOPPING me from doing anything to hurt myself right Now is That I have Nephew's that I want to meet and get to be in thair Life, And not someone they can't talk to any more or have a picture of and say this was my uncle that I NEVER got to meet or got to know he felt that he let the family down cause cause was NOT strong enough to say No, Cause he was in Prison, I also don't want my nephew's to feel ashamed of me and I just REALLY think my family would do better with out me in there lifes. I HATE MYSELF for being a weak person, I HATE MYSELF for taking someone's life that was a friend, I HATE MYSELF for being so far from home and NOT being able to see my family to HELP me cope with all of the thought's that are in my head on how to HURT myself when I talk to mom I surpress some of my thought's but That is only Temperweary untill my thought's come back, That's part of why I have been trying to get my Tilt, Cause I have been fucked up since I was a kid, My family has alway's worried about me and when they will receive the phone call that's telling them that I fineely took my own life, I am So SORRY for being such a fuck up and I really can not take being so far away from my family VERY Much Longer! Please HELP ME to get closer to my family So I don't do anything that I might regreat! also with my low body weight I am asking to be in a one man cell status permantly That way there this could Never happen Ever again! And you should make sure that everyone is classified right next time! I would like to just say that im Really sorry to c/o A. Masterson for not telling her about the first two times cause I thought we were square, Never thought he would want More from me.

END OF GRIEVANCE =

Received in the
Mail on 1/16/2018

N2-4-37

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

## Grievance Officer's Report

**Date Received:** January 5, 2018          **Date of Review:** January 5, 2018          **Grievance #** (optional): 76-1-18

**Offender:** Fencel, Michael

**ID#:** B86752

**Nature of Grievance:** Placement - Single Cell & Mental Health Assistance

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 1-3-17 and refers to sexual issues with a cellmate. Offender requests single cell status, transfer, and help to cope.

**Relief requested:** Single cell status, speak to Mental Health, transfer, TV, and stay in PC.

This grievance was received by the Grievance Office for regular grievance review. Even though offender did not mark for emergency review, due to content it was forwarded to the Warden for emergency determination, and also forwarded to Mental Health and Investigations at that time. The Warden determined to be of emergency nature and forwarded to the Grievance Office for processing. The Grievance Office received on 1-5-18 for processing and advised Mental Health, Investigations, and Clinical Services that the grievance was determined of emergency nature. The sexual related issues are already under investigation prior to this grievance receipt.

Offender has already been interviewed by Investigations regarding this issue and was placed in temporary confinement in North Two on 12-22-17. Offender has been issued a disciplinary report for 107-Sexual Misconduct which is pending adjustment committee hearing at the time of this grievance review (1-5-18).

Placement is an administrative decision. All offenders are screened and housed where determined appropriate for safety and security of the offender, staff, and facility.

Records show offender was housed in protective custody intake status in August 2017 and voluntarily quit. Offender was then PC intake status again starting 12-11-17 until he was placed in temporary confinement on 12-22-17.

Offender should discuss his transfer options with his assigned Counselor.

Offender is advised to immediately report any safety issues to staff.

Offender is pending a disciplinary hearing and is advised allowed personal property (including television), is subject to policy and procedure. Please review your orientation manual for further information on allowed personal property in segregation.

Mental Health advised they have been communicating with offender regarding his grievance concerns.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be MOOT. Issue already under investigation. Offender may request PC if he is found innocent at his adjustment committee hearing or when his segregation sanction is complet if found guilty. Offender was previously PC intake status. Transfers are an administrative decision. You may discuss options with your assigned counselor. Mental Health has been advised of your request. Single/double cell status is an administrative decision. Audio visual privileges in segregation are in accordance with policy and procedure.

Lori Oakley          Menard Correctional Center
          Print Grievance Officer's Name                                                                        Grievance Officer's Signature
          (Attach a copy of Offender's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** January 11, 2018          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

          Chief Administrative Officer's Signature                                                              1/11/18
                                                                                                                Date

## Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Michael Fencel                              D-8675.2          1/22/2018
          Offender's Signature                                    ID#                    Date

C/o CROSS,
I am very uncomfortable with my celly cause
he is asking me personal - sexual questions.
I am afraid and I would like a cell change.
Please..... Michael Fencel D86752
                                    NU-547

My COPY.
Gave TO c/o cross on 11/06/17

---

Dear, Warden J. Lashbrook.                    Nov. 26th 2017

My Cell-Mate had just forced Me to have Sex
with him last night on Nov. 26th 2017 (Between 10:30 PM,
and 11 PM) durning Shift Change. I do not trust the
C/O's so that is Why I am sending it to You.
Please HELP ME!

                        Michael Fencel B-86752
                              NU 547



Bruce Rauner
Governor

*received on 2/26/2018*

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: ___Fencel, Michael___

ID# : ___B86752___

Facility: ___Menard___

___2/8/18___
Date

This is in response to your grievance received on ___2/6/18___. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: ___1/3/18___    Grievance Number: ___76-1-18___    Griev Loc: ___MEN___

- ☐ Transfer denied by the Facility
- ☐ Dietary ___
- ☐ Personal Property ___
- ☐ Mailroom/Publications ___
- ☒ Assignment (job, cell) ___Single Cell___
- ☐ Commissary / Trust Fund ___
- ☐ Conditions (cell conditions, cleaning supplies, etc.) ___
- ☐ Disciplinary Report: Dated: ___ Incident # ___
- ☐ Other ___

Based on a review of all available information, this office has determined your grievance to be:

- ☐ Affirmed, Warden ___ is advised to provide a written response of corrective action to this office by ___.

- ☐ Denied, in accordance with DR504F, this is an administrative decision.

- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐ Denied as the facility is following the procedures outlined in DR525.

- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

- ☐ Other: ___

FOR THE BOARD: _Patty Thull_
Patty Thull
Administrative Review Board

CONCURRED: _John R. Baldwin Jr._
John R. Baldwin
Acting Director    2/9/18

CC: Warden, ___Menard___ Correctional Center
___Fencel___, ID# ___B86752___

Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

received on 5/22/18
when Mail was passed out....

ILLINOIS DEPARTMENT OF CORRECTIONS
Seriously Mentally Ill Offender Segregation Review Committee Summary

Case 3:19-cv-50016-SMY Document 1 Filed 03/18/19 Page 26 of 36 Page ID #204
IN #204.31

Offender Name: **Fencel, Michael**                    ID#: **B86752**
Last, First M.I.

## Part I:  Incident Information

Incident Date: _____    Incident Time: _____  ☐ a.m.  ☐ p.m.   Facility where incident occurred: _____

Incident Location (area within Facility, i.e. housing unit, dietary, yard, etc.): _____

Offense(s): _____

504: _____  See Attached          504: _____  _____
504: _____  _____             504: _____  _____
                                        504: _____  _____

Total Segregation Time Received for Incident under Review: _____

## Part II:  Review Summary and Recommendation

- Total segregation time offender has served at time of Committee review: _____
- Subsequent offenses while in segregation (include date of Incident, offense number and resulting penalty received): _____

_____

- Narrative of review (include Mental Health, Medical and security recommendation(s); documents/files reviewed; names and testimony of advisory staff; and basis for committee recommendation): Based on a review of the mental health file and in consideration of Inmate's diagnosis and IDR's, it is recommended that I/M receive a 2 week seg cut.

_____

[If additional space is needed, continue on Side 2.]

- Committee Recommendation:
  ☐ No Changes Recommended
  ☒ Reduce Segregation Time (indicate recommended reduction): 2 week seg cut.      ☐ Terminate Segregation Confinement
  ☐ Other: _____

## Part III:  Committee Signatures

Committee Member (Mental Health Representative):

Dr. GOLDMAN KG          [Signature]          5/16/18
Print Name                  Signature              Date

Committee Member (Operations Representative):

Maj. Hughes    523    [Signature]    5/16/18
Print Name      Badge#    Signature      Date

## Part IV:  Approval and Determination of Action

- The recommendation of the Committee is: ☒ Approved      ☐ Not Approved
Comments: 2 week seg cut

[If additional space is needed, continue on Side 2.]

Chief Administrative Officer:

J. ASHBROOK      J. [Signature]      5/17/18
Print Name              Signature          Date

Bruce Rauner
Governor

*received*
*on 4/17/2018*



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender:   Fencel, Michael                                                                3/27/18
                                                                                              Date

ID# :   B86752

Facility:   menard

This is in response to your grievance received on 2/22/18                    . This office has determined the issue will be addressed
without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a
grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 1/4/18          **Grievance Number:** 91-1-18          **Griev Loc:** MEN

☐  Transfer denied by the Facility

☐  Dietary _____

☐  Personal Property _____

☐  Mailroom/Publications _____

☐  Assignment (job, cell) _____

☐  Commissary / Trust Fund _____

☐  Conditions (cell conditions, cleaning supplies, etc.) _____

☒  Disciplinary Report: Dated:   1/2/18      Incident # 201800004/1 _____

☐  Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐  Affirmed, Warden _____ is advised to
provide a written response of corrective action to this office by
_____.

☐  Denied as the facility is following the procedures outlined in
DR525.

☐  Denied, in accordance with DR504F, this is an administrative
decision.

☐  Denied as procedures were followed in accordance with DR
420 for removal/denial of an offender from/for an assignment.

☐  Denied, this office finds the issue was appropriately addressed
by the facility Administration.

☒  Denied as this office finds no violation of the offender's due
process in accordance with DR504.80 and DR504.30. This
office is reasonably satisfied the offender committed the
offense cited in the report.

☐  Other:  This office finds no reason to discount the issued report. Offender needs to contact counselor concerning a transfer

FOR THE BOARD:   *Patty Thull*                         CONCURRED:   *John R. Baldwin*   5/22/18
                        Patty Thull                                               John R. Baldwin
                  (Administrative Review Board                                     Acting Director

CC:   Warden, Menard _____ Correctional Center

Fencel _____, ID# B86752

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in*
*offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Bruce Rauner
Governor

*Received on 2/28/2018*



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court • P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

# M E M O R A N D U M

DATE:   February 13, 2018

TO:     Michael  Fencel                                    B86752
        _____                    _____
              Offender Name                                 Offender Number

FROM:   Jacqueline Lashbrook
        _____
           Chief Administrative Officer

SUBJECT: Victim Notification of Completed PREA Investigation Findings

On 11/28/2017 _____, you made an allegation concerning conduct by an individual that is covered by the Prison Rape Elimination Act of 2003. After investigating the allegations, the results of our investigation determined that:

☐ Allegations are **Substantiated**      ☐ Allegations are **Unsubstantiated**      ☒ Allegations are **Unfounded**

Explanation: <u>Based on the admission of a consensual sexual relationship from both offenders and the results of the CVSA exam on the alleged perpetrator, the allegations of PREA/sexual assault are unfounded.</u>

The investigation findings may be grieved in accordance with 20 Ill. Adm. Code 504 and Administrative Directives 04.01.114 and 04.01.115.

Any counseling or supportive services, such as psychological services, chaplaincy services, correctional counselors, group therapy, etc. will continue to be offered.

This serves as an official notification of the outcome of the allegation/allegations.

Sincerely,

_____
Chief Administrative Officer Signature

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH DISCIPLINARY REVIEW

370

**Offender Name:** Fencel Michael                     **ID#:** B86752

| Disciplinary notification received from Shift Commander: 12/22/17 Date | Facility: Menard |
|---|---|
| Disciplinary Report (DOC 0317) received: 12/22/17 Date | ☐ Sp/RTU   ☒ SEG   ☐ GP |
| Action:   ☐ Stay of continuance until further notice<br>☐ Resume proceedings | ☐ R&C   ☐ HCU   ☐ PC |

Date and Time of Original Disciplinary Report (DOC 0317): 12/22/2017        1055   ☒ a.m.
                                                                                   ☐ p.m.

List Offense(s):   107 Sexual miscond

Level of Care:   ☐ Acute Inpatient   ☐ Sub-acute Inpatient   ☐ Sp/RTU   ☒ Outpatient   ☐ Crisis

Was the offender on crisis watch at the time of offense? ....................... ☒ No      ☐ Yes

Is the offender currently on crisis watch? ........................................... ☒ No      ☐ Yes

Current mental status: ................................................................ ☒ Stable   ☐ Not Stable

Mental Health Summary: Offender Fencel  as been seen on a routine basis by Mental Health thru means of individual sessions. Offender Fencel  appears to be stable at this time, offender Fencel  is not on any current psychotropic medications. According to offenders.  Offender  Fencel's  mental health issues do not appear to have influenced his behavior with regards to the tickets he received on   12/22/17   . Offender  Fencel  has the capabilities to be held accountable for his actions at this time.

ILLINOIS DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH DISCIPLINARY REVIEW

**Offender Name:** Fencel Michael                **ID#:** B86752

Based on offender's mental health status and mental illness it is the reviewing MHP's OPINION that:

|  | No | Yes |
|---|---|---|
| • The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317: ................................................................................. | ☒ | ☐ |
| • Confinement in segregation is likely to significantly impact the offender's mental health: | ☒ | ☐ |
| • The offenders mental illness should be considered when imposing discipline (up to and including segregation): ............................................................ | ☒ | ☐ |

**Recommendations:**

Proposed segregation term: 6 months

☐  Consider reduced segregation time

☐  C-grade only recommended

☐  Recreation restriction recommended

☐  B-grade only recommended

☐  Good time revocation recommended

☐  Loss of privileges (identify): _____

_____

_____

_____

_____

☐  Other (identify): _____

_____

_____

_____

_____

Mental Health Review completed by:

Mary Wilson                                   _____
Name (Print)                                  Signature

MHP                                           12/22/17
Title                                         Date

*Received on 3/6/19*

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name: Fencel Michael                                                        ID#: B86752

| Disciplinary notification received from Shift Commander: 1/8/18 | Facility: Menard |
|---|---|
| Date | |
| Disciplinary Report (DOC 0317) received: 11/28/17 | ☐ Sp/RTU   ☒ SEG   ☐ GP |
| Date | |
| Action:  ☐ Stay of continuance until further notice | ☐ R&C   ☐ HCU   ☐ PC |
| ☒ Resume proceedings | |

Date and Time of Original Disciplinary Report (DOC 0317): 11/28/2017          937   ☒ a.m.
                                                                            ☐ p.m.

List Offense(s):        107 sexual misconduct

Level of Care:   ☐ Acute Inpatient     ☐ Sub-acute Inpatient     ☐ Sp/RTU     ☒ Outpatient     ☐ Crisis

Was the offender on crisis watch at the time of offense? ............................ ☒ No     ☐ Yes

Is the offender currently on crisis watch? .................................................. ☒ No     ☐ Yes

Current mental status: .................................................................................. ☒ Stable     ☐ Not Stable

Mental Health Summary: Offender  Fencel  B86752  has been seen on a routine basis by Mental Health thru means of individual sessions and Psychiatry. Offender  Fencel    appears to be stable at this time as made evident by the MHP report noted in his last mental health session. According to offenders  Fencel   medication Administration Record (MAR) he is  not on medication. OffenderFencel     mental health issues do not appear to have influenced his behavior with regards to the tickets he received on 11/28/17 . Offender   Fencel  has the capabilities to be held accountable for his actions at this time.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**MENTAL HEALTH DISCIPLINARY REVIEW**

Offender Name: <u>Fencel Michael</u>                   ID#: <u>B86752</u>

Based on offender's mental health status and mental illness it is the reviewing MHP's OPINION that:

|  |  | No | Yes |
|---|---|:---:|:---:|
| • | The offenders mental illness contributed to the behavioral issue and as reported on the DOC 0317: | ☒ | ☐ |
| • | Confinement in segregation is likely to significantly impact the offender's mental health: | ☒ | ☐ |
| • | The offenders mental illness should be considered when imposing discipline (up to and including segregation): | ☒ | ☐ |

<u>Recommendations:</u>

Proposed segregation term: <u>6 months</u>

☐ Consider reduced segregation time
☐ C-grade only recommended
☐ Recreation restriction recommended
☐ B-grade only recommended
☐ Good time revocation recommended
☐ Loss of privileges (Identify): _____

_____
_____
_____
_____
_____

☐ Other (Identify): _____

_____
_____
_____
_____
_____

Mental Health Review completed by:

<u>Mary Wilson</u>
Name (Print)                               Signature

<u>MHP</u>                                   <u>11/9/18</u>
Title                                       Date

*received on 2/23/18 when mail was passed out.*

## STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: FENCEL, MICHAEL F     IDOC Number: B88752     Race: WHI

ring Date/Time: 1/2/2018  08:01 AM     Living Unit: MEN-N2-04-37     Orientation Status: N/A

cident Number: 201800004/1 - MEN     Status: Final

| ite | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| /22/2017 | 201800004/1-MEN | MASTERSON, ANGELA D | MENARD CORRECTIONAL CENTER | 10:55 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 107 | Sexual Misconduct | Guilty |
| | *Comments:intercourse* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| Witness Requested | | | |

### ECORD OF PROCEEDINGS
nate pled both guilty and not guilty
ritten statement attached

### ASIS FOR DECISION
ised on the observation of the reporting employee the IDR was rewritten and reserved per the Adjustment committee.
rough the course of the investigation, offender MICHAEL F. FENCEL B88752 was interviewed multiple times regarding
claim of PREA/Sexual Assault. On December 21, 2017, FENCEL was interviewed again for a Protective Custody
ake interview. During the interview, FENCEL self-admitted that he had consensual anal intercourse with offender
)SHUA W. KRUGER K50216 on November 26, 2017 at approximately 10:30pm to 11:00pm in North Upper Cell House
ill 5-47. FENCEL stated in the interview that after the encounter on the 26th, he felt wrong for his willingness to perform
xual acts with KRUGER and reported the sexual acts as PREA/Sexual Assault to the Warden via letter. Based on his
mission during interview and the fact that he signed the interview document, FENCEL is guilty of violating
partmental Rule 504A; 107; Sexual Misconduct.

ommittee finds inmate guilty based on information provided and accepts the written report to be factual account of the
cident and is satisfied the violations occurred as reported.
ommittee finds inmate guilty by the admission of guilt by the offender
ental health reviewed and discussed this inmate's case. Inmate is designated as seriously mentally ill (0443 completed
d made part of the record) the Mental health professionals recommended 6 month of segregation.

### SCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| Months C Grade | 6 Months C Grade |
| Months Segregation | 6 Months Segregation |
| Months Commissary Restriction | 6 Months Commissary Restriction |
| 3asis for Discipline:nature of offnese | |

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| BROOKMAN, KENT E  - Chair Person | | 01/02/18 | WHI |
| HART, JASON N | | 01/02/18 | BLK |
| Recommended Action Approved | | | |

nal Comments: N/A

Date: 2/5/2018 12:38:45      Page 1 of 2

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** FENCEL, MICHAEL F | **IDOC Number:** B86752 | **Race:** WHI |
| **Hearing Date/Time:** 1/2/2018   08:01 AM | **Living Unit:** MEN-N2-04-37 | **Orientation Status:** N/A |
| **Incident Number:** 201800004/1 - MEN | **Status:** Final | |

JACQUELINE A LASHBROOK / JAL  1/19/2018                            01/19/18

Chief Administrative Officer                  Signature                  Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person          When Served - - Date and Time      2/2/18

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 12/9/2017 | Offender: (Please Print) Michael Fencel | ID#: B-86752 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

388-12-17

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Assault/Rape

- [ ] Disciplinary Report: _____    _____
  Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I was assigned to Cell #547 in the North upper, and after the cell-door was closed my cell-mate started asking personal~sexual nature questions. I became very afraid and uncomfortable. At chow, I made a personal Request to be moved. The officer stated, "he would check it out and talk to the cell-house sgt." Nothing happened as to a cell change. I made another request to move, to the (3 to 11pm) shift officer "CROSS." Some how, my cell-mate found out about my request to move. He threatened to physically harm me, if I continue to ask to move. Later that night, I was forcefully removed from my bed, and shoved to the back of the cell. At which time, my cell-mate forced me to perform fellatio and he forced his penis into my anus. The next morning I wrote to warden J. Lashbrook but put my attorney's information on the envelope so

**Relief Requested:** Due to me being sexually assaulted and my low bodyweight. I am Requesting to be placed on permant "one-man cell "status throughout my stay at Menard Corr. Ctr. Also, to talk with mental health staff about the assault.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Fencel | B-86752 | 12, 09, 2017 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| _____ | _____ | ___ / ___ / ___ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

E-71

| Date Received: 12 / 27 / 17 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

J.L.

Chief Administrative Officer's Signature          12 / 27 / 17
                                                    Date

Distribution: Master File; Offender          Page 1          DOC 0046 (8/2012)

my cell-mate would not Know who I was really writing it to, I also put on the envelope telling the mail room NOT to send it to my attorney but instead send it to the warden J. Lashbrook, Letting her Know that my cell-mate had just forced me to have sex with him last night on Nov. 26th 2017 (between 10:30pm and 11pm) during shift change, I also told the warden J. Lashbrook in the note that I did not trust the C/o's so that is why I am sending it to her, On Nov. 28th 2017 a L.T & c/o came and took both my cell-mate and I out of the cell, The L.T. walked me to the H.C.U. at which time, the doctor Siddiqui and two nurses was able to confirm my injuries, I believe that those officers, whome I informed about my fears of being harmed by my cell-mate, were Negligent in their duties to protect me from being assaulted.

END OF Grievance.